# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
---------------------------------------------------------------X
DIANNE GIORLANDO and NICOLA GIORLANDO

                              Plaintiffs,

    -against-

COSTCO WHOLESALE CORPORATION

                              Defendant.
---------------------------------------------------------------X

**Index No.:**
**Purchased:**

*Plaintiff designates Nassau County as the place of trial*

**SUMMONS**

*The basis of the venue is the place of accident.*

To the above-named Defendant:

    *You are hereby summoned*, to answer the Complaint in this action, and to serve a copy of your Answer or, if the Complaint is not served with this Summons, to serve a Notice of Appearance, on the Plaintiffs attorneys within 20 days after the service of the Summons, exclusive of the day of service (or within 30 days after the service is complete if the Summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated:  Uniondale, New York
           January 2, 2019

**DUFFY & DUFFY, PLLC**
Attorneys for Plaintiffs

By: _____
FRANK TORRES, ESQ.
1370 RXR Plaza
West Tower, 13th Floor
Uniondale, New York 11556
(516) 394-4200

Defendant addresses:
See Below

*Notice: The nature of this action is negligence*

*The relief sought is monetary damages*

    Upon your failure to appear judgment will be taken against you by default in such a sum as a jury would find fair, adequate and just.

RECEIVED
JAN 1 7 2018
G.L. CLAIMS DEPT.

## DEFENDANTS ADDRESSES:

**COSTCO WHOLESALE CORPORATION**
3705 Hampton Rd
Oceanside NY 11572

**COSTCO WHOLESALE CORPORATION**
C/O C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

-cc-

New York Department of State
One Commerce Plaza, 99 Washington Avenue,
Albany, NY 12231

FILED: NASSAU COUNTY CLERK 01/03/2019 10:48 AM
NYSCEF DOC. NO. 2

INDEX NO. 600070/2019
RECEIVED NYSCEF: 01/03/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------------X
DIANNE GIORLANDO and NICOLA GIORLANDO

       Plaintiffs,

-against-

COSTCO WHOLESALE CORPORATION

       Defendant.
-------------------------------------------------------------------X

*Index No.:*
*Purchased:*

*VERIFIED COMPLAINT*

Plaintiff, **Dianne Giorlando and Nicola Giorlando**, by their attorneys, **DUFFY & DUFFY, PLLC**, complaining of the defendant, respectfully alleges and sets forth as follows:

### AS AND FOR A FIRST CAUSE OF ACTION

1. At all times herein mentioned, the plaintiffs, **Dianne Giorlando and Nicola Giorlando**, reside at 203 Delaware Ave, Island Park, County of Nassau, State of New York.

2. Upon information and belief, the defendant, **COSTCO WHOLESALE CORPORATION**, is a foreign corporation organized duly licensed and authorized to do business in the State of New York.

3. Upon information and belief, defendant, **COSTCO WHOLESALE CORPORATION**, is duly organized and existing under the laws of the State of New York.

4. Upon information and belief, defendant, **COSTCO WHOLESALE CORPORATION**, is a corporation authorized to transact business in the State of New York and maintains a place of business in the State of New York, County of Nassau.

5. Upon information and belief, **COSTCO WHOLESALE CORPORATION**, is a corporation authorized to transact business in the State of New York and transacts business in the County of Nassau, State of New York.

6. The defendant, **COSTCO WHOLESALE CORPORATION**, at all times herein

mentioned conducted and carried on business in the County of Nassau and the State of New York.

7. The defendant, **COSTCO WHOLESALE CORPORATION**, at all times herein mentioned was and still is a sole proprietorship doing business in the County of Nassau and the State of New York.

8. Upon information and belief, **COSTCO WHOLESALE CORPORATION**, owns the merchandise store located at 3705 Hampton Rd., Oceanside New York hereinafter referred to as "Cotsco" and/or the "Premises."

9. At all times herein mentioned, defendant **COSTCO WHOLESALE CORPORATION** derived substantial revenue from goods purchased, used, consumed, or services rendered in the State of New York.

10. At all times herein mentioned, defendant **COSTCO WHOLESALE CORPORATION** derived substantial revenue from intrastate commerce.

11. At all times herein mentioned, defendant **COSTCO WHOLESALE CORPORATION** expected or should reasonably have expected its acts to have consequences in the State of New York.

12. Upon information and belief, at all times hereinafter mentioned, defendant, **COSTCO WHOLESALE CORPORATION**, did own all of the isles, passageways, walkways and property located upon and at the "Premises."

13. Upon information and belief, at all times hereinafter mentioned, defendant, **COSTCO WHOLESALE CORPORATION**, did lease all of the isles, passageways, walkways and property located upon and at the "Premises."

14. That, upon information and belief, at all times hereinafter mentioned, defendant, **COSTCO WHOLESALE CORPORATION**, did maintain the isles, passageways, walkways,

and property located upon and at the Premises.

15. Upon information and belief, at all times hereinafter mentioned, defendant, **COSTCO WHOLESALE CORPORATION**, did manage the isles, passageways, walkways, and property located upon and at the Premises.

16. Upon information and belief, at all times hereinafter mentioned, defendants, **COSTCO WHOLESALE CORPORATION**, did control the isles, passageways, walkways, and property located upon and at the Premises.

17. Upon information and belief, at all times hereinafter mentioned, defendants, **COSTCO WHOLESALE CORPORATION**, did inspect the isles, passageways, walkways, and property located upon and at the Premises.

18. On or about 11/27/2017, while plaintiff, **Dianne Giorlando,** was legally walking and shopping at the aforesaid merchandise store known as "Costco" she was caused to sustain serious, debilitating, and grave injuries when, upon information and belief, a merchandise box labeled "SINGING MACHINE CARNIVAL HI-DEF PORTABLE KARAOKE SYSTEM" Box dimensions: 22 in x 13.38 x 14 in. weighting 19.8 lbs., Item # 1009035 fell and hit her head through no fault of her own.

19. Said accident was the result of the negligence of defendant, its agents, servants and/or employees, and without any negligence on the part of the plaintiff contributing thereto.

20. Defendant was negligent in that said defendant, its agents, servants, representatives and/or employees, negligently own, operated, supervised, maintained, managed, controlled, and inspected the Premises; breached the duty to use reasonable care to keep the Premises in a reasonably safe condition for the protection of the plaintiff, invitees, and of all persons whose presence upon the Premises was reasonably foreseeable; negligently and carelessly allowed and/or

FILED: NASSAU COUNTY CLERK 01/03/2019 10:48 AM
NYSCEF DOC. NO. 2

INDEX NO. 600070/2019
RECEIVED NYSCEF: 01/03/2019

permitted a dangerous condition to exist and remain upon the Premises posing a serious risk of injury to invitees; in failing to correct and remedy, or improperly correcting and improperly remedying same; negligently and carelessly failed and omitted to keep said Premises, free from dangerous conditions such as falling objects/boxes; negligently and carelessly failed and omitted to keep said Premises free from a recurring dangerous conditions over extended periods of time; negligently and carelessly failed and omitted to block off, rope off or otherwise prevent persons from walking across or upon areas where falling objects can injury invitees; negligently failed to provide safe pathways of ingress and egress to walk upon; negligently and carelessly failed to provide and place warning signs upon, near or at said Premises and avoid the happening of the accident; negligently failed to provide and place warning signs upon, near or at said dangerous areas, or removing boxes from elevated places posing a risk of injury to invitees; that defendants knew, or should have known, to expect that pedestrian traffic was foreseeable and that the removal of boxes that could fall and injure customers is foreseeable and poses a threat of injury; in failing to correct and remedy or, improperly correcting and improperly remedying same; in failing and omitting to remove and render hazards upon the said Premises safe, or improperly and/or inadequately doing so; negligently and carelessly caused and created or directed and/or allowed the aforesaid dangerous and hazardous condition to remain upon the Premises; negligently failed and omitted to cause said dangerous condition to be remedied and/or corrected, notwithstanding the fact that defendant had knowledge and notice thereof; failed to have the appropriate procedure of safety to prevent costumers or consumers from becoming injured; violated applicable laws, statutes, ordinances, codes, rules and regulations, in failing to correct the same, give and provide adequate warnings of said hazard; in failing to properly, safely and adequately remove this hazard from the Premises; in failing to maintain the aforesaid Premises in a safe condition, free from

falling objects/boxes, and to protect plaintiff from the falling objects; did negligently and carelessly supervise the stocking of its isles to maintain products in a manner that they do not fall on customers and render the said Premises safe to use and walk upon; did negligently fail to provide safe areas to walk upon in the aforesaid Premises; and did otherwise fail to act with due care under the circumstances then and there prevailing.

21. Defendant, its agents, servants, representatives and/or employees had actual and/or constructive notice of the aforesaid condition(s).

22. Defendant, its agents, servants, representatives and/or employees created and/or caused the aforesaid condition(s).

23. Solely by reason of the defendant's negligence as aforesaid, the plaintiff **Dianne Giorlando**, sustained severe and serious personal injuries which, upon information and belief, are permanent in nature, was rendered sick, sore, lame and disabled, has suffered severe pain and suffering, has in the past undergone medical treatment and, upon information and belief, will in the future have to undergo additional medical treatment.

24. By reason of the foregoing, the plaintiff, **Dianne Giorlando**, has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts which otherwise would have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION FOR LOSS OF SERVICES ON BEHALF OF NICOLA GIORLANDO

25. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in those paragraphs of the complaint marked and designated "1" through "24" inclusive with the same force and effect as if hereinafter set forth at length.

26. By reason of the foregoing occurrence and resultant injuries plaintiff, **NICOLA GIORLANDO**, was deprived of the services and companionship of his wife plaintiff, **DIANNE**

GIORLANDO, and was caused to become obliged to expend sums of money for medical and hospital care on her behalf.

27. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

28. This action falls within the exceptions to Article 16 of the New York Civil Practice Laws and Rules.

**WHEREFORE**, plaintiffs demand judgment against the defendant, in such sum as a court and/or jury may find to be fair, adequate and just, and for costs and disbursements of this action.

Dated: Uniondale, New York
January 2, 2019

DUFFY & DUFFY, PLLC

FRANK TORRES, ESQ.
1370 RXR Plaza
West Tower, 13th Floor
Uniondale, New York 11556
(516) 394-4200

FILED: NASSAU COUNTY CLERK 01/03/2019 10:48 AM
NYSCEF DOC. NO. 2
INDEX NO. 600070/2019
RECEIVED NYSCEF: 01/03/2019

STATE OF NEW YORK     )
                      : ss :
COUNTY OF NASSAU      )

**Dianne Giorlando**, being duly sworn, deposes and say:

The deponent is the plaintiff in the above-entitled action; the deponent has read the foregoing **Summons and Verified Complaint**, and knows the contents thereof; and the same is true to the deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters the deponent believes them to be true.

_____
Dianne Giorlando

Sworn to before me this
___3___ day of January 2019

_____
Notary Public

LIZBETH MORALES
Notary Public, State of New York
No. 02MO6380656
Qualified in Nassau County
Commission Expires September 10, 2022

STATE OF NEW YORK  )
                   : ss :
COUNTY OF NASSAU   )

**Nicola Giorlando**, being duly sworn, deposes and say:

The deponent is the plaintiff in the above-entitled action; the deponent has read the foregoing **Summons and Verified Complaint**, and knows the contents thereof; and the same is true to the deponent own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters the deponent believes them to be true.

                                                        Nicola Giorlando

Sworn to before me this
3 day of January 2019

Notary Public

LIZBETH MORALES
Notary Public, State of New York
No. 02MO6380856
Qualified in Nassau County
Commission Expires September 10, 2022